UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| MARY and RICHARD HOULE,<br>    Plaintiffs<br><br>    v.<br><br>THE STANDARD FIRE INSURANCE<br>COMPANY and FEDERAL EMERGENCY,<br>MANAGEMENT AGENCY,<br>    Defendants | Docket No. 2:13-cv-44 |

### STIPULATED JOINT MOTION TO BE EXCUSED
### FROM THE EARLY NEUTRAL EVALUATION PROCESS

Pursuant to Local Rule 16.1(b)(1), the parties jointly move to be excused from the Early Neutral Evaluation process. In support thereof, the parties state:

1. The parties agree that there is good cause to excuse the parties from participating in the Early Neutral Evaluation process.

2. Standard Fire is a fiscal agent of the United States and is subject to the National Flood Insurance Program ("NFIP") requirements imposed by federal statute and by the Federal Emergency Management Agency ("FEMA"). FEMA has reserved to *itself* the exclusive authority to waive NFIP requirements (*see* 44 C.F.R. Pt. 61.13(d), and Pt. 62.23(k), as well as 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)) and, therefore, Standard Fire does not have any settlement authority. *See e.g., Jacobson v. Metropolitan Property & Cas. Ins. Co.*, 672 F.3d 171, 174-75 (2d Cir. 2012). As *Jacobson* explains:

gravel &
shea  ATTORNEYS AT LAW

76 St. Paul Street
Post Office. Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

> Pursuant to its authority under 42 U.S.C. § 4081(a), FEMA created the WYO Program, which allows private insurers, also known as "WYO companies," to issue and administer flood-risk policies under the NFIP. . . . WYO companies such as Metropolitan [and Standard Fire] may act as "fiscal agents of the United States," 42 U.S.C. § 4071(a)(1), but they are not general agents and therefore must strictly enforce the provisions set out in the regulations, ***varying the terms of a policy only with FEMA's express written consent***. See 44 C.F.R. §§ 61.4(b), 61.13(d)(e), 62.23(c)–(d). Thus, while the private insurance companies administer the federal program, it is the Government, not the companies, that pays the claims.

672 F.3d at 174-75 (emphasis added) (several internal citations and quotations omitted). As such, Standard Fire cannot make payment on Plaintiffs' claim absent express written consent from FEMA.

3. Because Standard Fire has no settlement authority, the parties agree that the use of the Early Neutral Evaluation process will not assist the parties in resolving the current litigation.

WHEREFORE, the parties respectfully request that they be excused from participating in the Early Neutral Evaluation process.

Dated: Burlington, Vermont
August 16, 2013

*/s/ Margaret Frye*
Margaret Frye, Esq.
Legal Services Law Line of Vermont
274 North Winooski Avenue
Burlington, VT  05401
(802) 863-7153
mfrye@lawlinevt.org
For Plaintiffs



- 2 -

          */s/ Matthew B. Byrne*
          Matthew B. Byrne, Esq.
          Gravel & Shea PC
          76 St. Paul Street, 7th Floor, P. O. Box 369
          Burlington, VT 05402-0369
          (802) 658-0220
          mbyrne@gravelshea.com

          and

          Craig R. Blackman, Esq.
          Gina M. Stowe, Esq.
          Stradley Ronon Stevens & Young LLP
          2600 One Commerce Square
          Philadelphia, PA 19103
          (215) 564-8000
          cblackman@stradley.com
          gstowe@stradley.com

          For Defendant, The Standard Fire Insurance Company

APPROVED AND SO ORDERED:

Date: _____, 2013

          _____
          Hon. William K. Sessions, III
          U.S. District Court Judge