UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| MARY and RICHARD HOULE,<br>    Plaintiffs | )<br>)<br>) |
| v. | )     Docket No. 2:13-cv-44 |
| THE STANDARD FIRE INSURANCE<br>COMPANY and FEDERAL EMERGENCY,<br>MANAGEMENT AGENCY,<br>    Defendants | )<br>)<br>)<br>)<br>) |

DEFENDANT THE STANDARD FIRE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Matthew B. Byrne, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
mbyrne@gravelshea.com

and

Craig R. Blackman, Esq.
Gina M. Stowe, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street
Philadelphia, PA  19103

For Defendant, The Standard Fire Insurance Company

# TABLE OF CONTENTS

Preliminary Statement .................................................................................................................. 1

Statement of Facts ....................................................................................................................... 2

    A. Background of the National Flood Insurance Program ("NFIP") ................................. 2

    B. Plaintiffs' Policy and Hurricane Irene Claim ................................................................ 3

Legal Standard ............................................................................................................................. 5

Argument ..................................................................................................................................... 6

    I. THE PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE SFIP'S PROOF OF LOSS REQUIREMENT ............................................................................................................... 6

        A. The SFIP's Proof Of Loss Requirement ................................................................ 6

        B. Plaintiffs' Purported Proof of Loss Form Is Incomplete ....................................... 8

Conclusion ................................................................................................................................. 11

gravel & shea
ATTORNEYS AT LAW
St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

ii

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby*,
 477 U.S. 242 (1986)..................................................................................................5

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)..................................................................................................5

*Cole v. New Hampshire, Inc.*,
 2012 WL 39515 (N.D. Miss. 2012)..........................................................................9

*Eichaker v. Fid. Nat'l Prop. & Cas. Ins. Co.*,
 No. 07-4485, 2008 WL 2308959 (E.D. La. June 3, 2008).......................................8

*Exim Mortg. Banking Corp. v. Witt*,
 16 F. Supp. 2d. 174 (D. Conn. 1998)..................................................................8, 10

*Gowland v. Aetna*,
 143 F.3d 951 (5th Cir. 1998).................................................................................1, 8

*Jacobson v. Metropolitan Property & Casualty Insurance Co.*,
 672 F.3d 171 (2nd Cir. 2012)..........................................................................3, 8, 10

*Kehoe v. Travelers Insurance Co.*,
 No. 1:08-CV-566, 2009 WL 87589 (N.D.N.Y. Jan. 12, 2009)...............................10

*Mancini v. Redland Ins. Co.*,
 248 F.3d 729 (8th Cir. 2001).....................................................................................3

*Otallah v. State Farm Fire and Cas. Co.*,
 2008 WL 3539667 (E.D.La. July 31, 2008).............................................................8

*Pavone, Inc. v. Secretary of Housing and Urban Development*,
 547 F.Supp. 230 (D. Conn. 1982)...........................................................................10

*Van Holt v. Liberty Mutual Fire Ins. Co.*,
 163 F.3d 161 (3d Cir. 1998)...................................................................................1-2

*Wells v. Fid. Nat. Ins. Co.*,
 No. 06-5381, 2008 WL 2781539 (E.D. La. July 14, 2008)......................................8

## Rules

44 C.F.R. Pt. 61. App. A(1) ...........................................................................2, 3, 7, 9

44 C.F.R. §§ 61.4(b), 61.13(d)...................................................................................7

44 C.F.R. § 62.23 .................................................................................................. 3

44 C.F.R. § 62.23(d) ............................................................................................. 3

44 C.F.R. § 62.23(f) .............................................................................................. 1

Executive Order 12107, 44 Fed. Reg. 1055 (January 3, 1979) ............................ 7

Fed. R. Civ. P. 56 .................................................................................................. 1

Fed. R. Evid. 201(b)(2) ......................................................................................... 7

Federal Rule of Civil Procedure 56(c) ................................................................. 5

Codes

42 U.S.C. §§ 4013, 4019 ...................................................................................... 2

42 U.S.C. § 4017(d)(1) ......................................................................................... 1

42 U.S.C. § 4071(a) .......................................................................................... 2, 3

42 U.S.C. § 4071(a)(1) ......................................................................................... 1

National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.* ("NFIA") .............. 1, 2

gravel & shea ATTORNEYS AT LAW
St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
PROFESSIONAL CORPORATION

iv

## Preliminary Statement

Defendant, The Standard Fire Insurance Company ("Standard Fire"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury[3] submits this memorandum of law in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

This action involves a dispute under a Standard Flood Insurance Policy ("SFIP") issued by Standard Fire under the National Flood Insurance Program ("NFIP"). Standard Fire is a Write-Your-Own ("WYO") company participating in the NFIP. The SFIP itself is a codified federal regulation governed by federal law and, specifically, by the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.* ("NFIA").

In 2011, Standard Fire issued an SFIP to Plaintiffs, Mary Houle and Richard Houle ("Plaintiffs"), bearing Policy No. 60-10256746-2011 for the policy period October 20, 2010, to October 20, 2011, (the "Policy") and for the property located at 2614 Cochran Road, Richmond Vermont (the "Property"). (*See* Declaration of Scott Holmes ("Holmes Declaration"), attached hereto as Exhibit A, at ¶ 4). Plaintiffs alleges that they "submitted a proper and timely insurance claim" under the Policy to cover damages as a result of flooding which occurred on or about September 7, 2011, as a result of Hurricane Irene. (Complaint, ¶ 22). Plaintiffs allege that Standard Fire wrongfully failed to pay the full amount of Plaintiffs' covered losses. (*Id.* at ¶ 28).

---

[1] *See* 44 C.F.R. § 62.23(f).

[2] *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).

[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).

Plaintiffs' claim fails as a matter of law. The SFIP is a codified federal regulation, and whether Plaintiffs provided proof of said loss in accordance with the terms and conditions of the Policy is a question of law. Plaintiffs' purported proof of loss was submitted *without any supporting documentation at all*. This violates the SFIP's requirement that a Proof of Loss contain, among other things, specifications of building damage and detailed repair estimates, as well as an inventory of damaged personal property. Plaintiffs' failure to comply with the SFIP Proof of Loss requirements with respect to this Hurricane Irene claim is a complete defense to Plaintiffs' claim for recovery. Moreover, Plaintiffs cannot cure the deficiencies of their purported proof of loss now, as it is past the statutory deadline to do so. Thus, as a matter of law, the Complaint should be dismissed with prejudice.

## Statement of Facts

A.    Background Of The National Flood Insurance Program ("NFIP").

Congress created the NFIP under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq. See, e.g., Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 165-66 (3rd Cir. 1998) (discussing history and organization of NFIP and WYO Program). The Director of FEMA is charged with overseeing and implementing the NFIP. By statute, the Director of FEMA is authorized to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. §§ 4013, 4019. The regulations also prescribe the methods by which proved and approved losses under an SFIP may be adjusted and paid. *See id.* Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in" 44 C.F.R. Pt. 61. App. A(1). *Id.* Beginning on April 1, 1979, FEMA became responsible for the operation of the NFIP through the facilities of the federal government. *See* 42 U.S.C. § 4071(a). The



- 2 -

Director of FEMA is authorized to use private insurance companies as "fiscal agents of the United States" and to enter into any necessary contracts with insurance companies to implement the NFIP. *See id.* at § 4081.

In 1983, FEMA created the WYO Program. *See id.* The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, SFIPs. *See* 44 C.F.R. § 62.23. Participating companies in the WYO Program, such as Standard Fire, are known as WYO companies. *See id.* A WYO company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment, and defense of all claims arising from policies of flood insurance it issues under the NFIP, based upon the terms and conditions of the SFIP. 44 C.F.R. § 62.23(d). Significantly, flood insurance policies issued by WYO companies, including Standard Fire, necessarily have the same terms and conditions of the SFIP, which is a codified regulation. *See* 44 C.F.R. Pt. 61. App. A(1). In its capacity as a WYO company, Standard Fire acts in a fiduciary capacity as fiscal agent of the United States. *Jacobson v. Metropolitan Property & Casualty Insurance Co.*, 672 F.3d 171, 175 (2nd Cir. 2012); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 734 (8th Cir. 2001).

B.  <u>Plaintiffs' Policy And Hurricane Irene Claim</u>.

On August 28, 2011, Plaintiffs suffered a flood loss as a result of Hurricane Irene. (Compl. ¶ 20; Holmes Declaration at ¶ 5). On September 5, 2011, an independent adjuster appointed by Standard Fire inspected and photographed the Property and Plaintiffs' purported damages. (*Id.* at ¶ 6). The inspection revealed that the Property was flooded to seven inches on the interior of rooms at one step above ground level, but that no water entered the main living area of the Property, which was elevated three steps. (*Id.* at ¶ 7). Water filled the basement to about five inches, and there was an exterior water line of 24 inches. (*Id.* at ¶ 8).

Thereafter, and following repeated requests by the Independent Adjuster to Plaintiffs to provide a contents list, repair estimates, and receipts, Plaintiffs produced a handwritten list of purportedly damaged contents. (*Id.* at ¶ 9). Many of the items on Plaintiffs' contents list did not contain pricing or valuation, and a number of the items were not identified during the Independent Adjuster's inspection. (*Id.*) Plaintiffs later revised their contents list to include pricing and photograph documentation for some, but not all, of their claimed contents. (*Id.* at ¶ 10). Plaintiffs also produced an estimate from GW Savage for purported repairs throughout the main level of the risk, despite the fact that the inspection revealed that the main level of the risk was not flooded. (*Id.* at ¶ 11).

On November 7, 2011, the Independent Adjuster provided Plaintiffs with a revised contents list, a Building Estimate, an APS (auxiliary detached garage) estimate (for a covered detached garage), and a Proof of Loss form for Plaintiffs' signature. (*Id.* at ¶ 12). Thereafter, instead of agreeing to the foregoing documents, Plaintiffs retained Marshall Gilinsky, Esquire, of Anderson, Kill & Olick, P.C., to represent them in connection with their flood claim. *Id.* at ¶ 13). On January 4, 2012, Mr. Gilinsky submitted to Standard Fire, on Plaintiffs' behalf, a purported proof of loss in the amount of $175,746.14. (*Id.; see also* Exhibit A-1 to Holmes Declaration). However, t*he purported proof of loss was not accompanied by any supporting documentation whatsoever*. (*Id.*) Moreover, the amounts set forth in the purported proof of loss provided by Plaintiffs' counsel were not even supported by the documents that Plaintiffs previously submitted to the Independent Adjuster. (*Id.*)

On February 24, 2012, the Independent Adjuster provided a Report to Standard Fire, which set forth the amounts of covered Building and Contents damages. (*Id.* at ¶ 14). In accordance with the Independent Adjuster's Report, estimates and recommendation, Standard

- 4 -

Fire issued payment to Plaintiffs for $10,239.26 under the SFIP's Building coverage and $74,010.95 under the Contents coverage. (*Id.*) In a letter dated March 20, 2012, Standard Fire denied payment for: (1) uncovered basement items; (2) damages to vehicles and contents that were not inside a fully enclosed building; and (3) contents for which Standard Fire did not receive supporting documentation.[4] (*Id.*)

## Legal Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). An issue of fact is "genuine" if a reasonable finder of fact could resolve the dispute in favor of either party. *Id.* at 248. "Material facts" are those that, under applicable substantive law, might affect the outcome of the case. *Id.* In opposing a properly supported summary judgment motion, the non-moving party must go beyond the pleadings and, by citing its own affidavits or other evidence, show that there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[4] Although not relevant to the instant Motion, the Court should note that, on May 17, 2012, Plaintiffs submitted a supplemental Proof of Loss in the amount of $26,346.75, which constituted debris removal costs that were not included in Plaintiffs' original claim. (*Id.* at ¶ 15). Although the supplemental Proof of Loss was submitted outside the time permitted, Standard Fire submitted a request to FEMA for a limited waiver of the Proof of Loss requirement to pay the supplemental claim. (*Id.*). However, Standard Fire determined that the debris removal costs related to Contents debris, and Plaintiffs only had $10,989.05 available contents coverage. (*Id.*). Accordingly, and despite Plaintiffs' failure to submit their documentation within the statutory deadline, FEMA approved a request submitted by Standard Fire for a *limited* waiver of the Proof of Loss policy provision. (*Id.*). Payment was issued to the Plaintiffs in the amount of $10,989.05, with a letter explaining that Standard Fire was declining additional payment because the Contents limits were exhausted. (*Id.*).

ravel &
shea  ATTORNEYS AT LAW
St. Paul Street
st Office Box 369
rlington, Vermont  05402-0369
ROFESSIONAL CORPORATION

- 5 -

Argument

I. THE PLAINTIFF'S LAWSUIT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE SFIP'S PROOF OF LOSS REQUIREMENT.

   A. The SFIP's Proof Of Loss Requirement.

All SFIPs require that the insured submit a timely signed and sworn "Proof of Loss." The SFIP provides as follows:

> **VIII. GENERAL CONDITIONS**
>
> **J. Requirements in Case of Loss**
>
> In case of loss to insured property, you must:
>
> * * *
>
> 1. Give prompt written notice to us;
>
> 2. As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
>
> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> * * *
>
> 4. Within 60 days after the loss, send us a *proof of loss, which is your statement of the amount you are claiming* under the policy signed and sworn to by you, *and which furnishes us with the following information*:
>
> * * *
>
> f. *Specifications of damaged buildings and detailed repair estimates*;
>
> * * *
>
> i. *The inventory of damaged personal property described in J.3. above.*

- 6 -

> \* \* \*
>
> 7. The insurance adjuster whom we hired to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.
>
> . . .

44 C.F.R. Pt. 61. App. A(1), Art. VII(J) (emphasis added).[5]

By federal law, WYO companies cannot waive or vary the terms and conditions of the SFIP, including the Proof of Loss requirement, without the express written consent of the Federal Insurance Administrator.[6] See 44 C.F.R. §§ 61.4(b), 61.13(d) - (e), 62.23(c) - (d). This is reflected in the SFIP itself:

> VIII.   GENERAL CONDITIONS
>
> D.   Amendments, Waivers, Assignments
>
>> This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator. No action that we take under the terms of this policy can constitute a waiver of any of our rights . . . .

44 C.F.R Pt. 61. App. A(1), Art. VII(D).

---

[5] With respect to the Plaintiffs' flood claim, arising out of Hurricane Irene, FEMA exercised its authority under federal law and extended the deadline for policyholders in certain states, including Vermont, from 60 days to 150 days from the date of the loss. Thus, Plaintiffs' statutory deadline for submission of a Proof of Loss, as defined by the SFIP, was January 26, 2012. See November 22, 2011, FEMA Bulletin W-11120, attached to the Motion for Summary Judgment as Exhibit B. Standard Fire respectfully requests that, pursuant to Fed. R. Evid. 201(b)(2), the Court take judicial notice of the November 22, 2011, FEMA Bulletin W-11120.

[6] By way of clarification, the Office of the Federal Insurance Administrator is part of FEMA. See Executive Order 12107, 44 Fed. Reg. 1055 (January 3, 1979).



B.    <u>Plaintiffs' Purported Proof of Loss Form Is Incomplete</u>.

Plaintiffs' purported proof of loss submission failed to comply with the SFIP's substantive requirements for what information a Proof of Loss must contain. Plaintiffs must submit a Proof of Loss that complies with the substantive requirements of the SFIP, or dismissal is appropriate. *See Jacobson*, 672 F. 3d at 176-77 (holding that, in the context of federal insurance policies, an insured must comply strictly with the terms and conditions of such policies, even where it may create ostensibly inequitable results). Courts around the country have uniformly held that, in addition to adhering to the deadline requirements, SFIP policyholders must strictly abide by the formal aspects of the Proof of Loss requirement. *See e.g., Gowland*, 143 F. 3d at 954 (where the plaintiffs provided some of the information required by the formal proof of loss statement, their failure to provide a complete, sworn proof of loss statement, as required by the SFIP, relieved the insurer's obligation to pay the claim); *see also, Exim Mortg. Banking Corp. v. Witt*, 16 F. Supp. 2d. 174, 176-77 (D. Conn. 1998) (holding that the plaintiff's failure to meet the precise Proof of Loss requirements by not providing all of the required information was insufficient to comply with the SFIP Proof of Loss requirements); *Sun Ray Village*, 546 F. Supp.2d 1283, 1291 (N.D. Fla. 2008) ("[b]ased on the unambiguous language of the SFIP, the court concludes that the SFIP requires insureds, as part of the proof of loss, to provide their insurers with detailed repair estimates as support for the amount of loss claimed; mere notice of the claim on the proof of loss form is insufficient to satisfy an insured's obligations under the SFIP."); *Wells v. Fid. Nat. Ins. Co.*, No. 06-5381, 2008 WL 2781539 (E.D. La. July 14, 2008) (granting summary judgment for WYO insurer where insured failed to submit documentation in support of Proof of Loss claim); *Eichaker v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 07-4485, 2008 WL 2308959, at *4 n.21 (E.D. La. June 3, 2008) (same); *Otallah v. State Farm Fire and Cas. Co.*, 2008 WL 3539667, at *4 (E.D.La. July 31, 2008) (granting summary

Gravel & Shea ATTORNEYS AT LAW
St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 8 -

judgment because "[t]here was no verifying documentation provided in conjunction with the [Proof of Loss], and the [Proof of Loss] form by itself is insufficient to meet the burden imposed on insureds by the SFIP regulations."); *Cole v. New Hampshire, Inc.*, 2012 WL 39515, at *12 (N.D. Miss. 2012) (holding that the plaintiffs' failure to submit the proper supporting documentation to the required Proof of Loss would alone serve as a basis for dismissal of the plaintiffs' claim against the WYO defendant).

Plaintiffs' purported proof of loss is incomplete in that *it was not accompanied by any documentation at all*. As set forth above, after a loss, the SFIP requires the insured to submit itemized documentation, signing and swearing to the amount claimed under the SFIP, and to furnish the insurer with certain required information. 44 C.F.R. Pt. 61. App. A(1), Art. VII(J) (4). In order to comply with the SFIP's Proof of Loss requirement, the insured is required to submit specifications of damaged buildings, detailed repair estimates, and inventory of damaged personal property. The purported proof of loss submitted by the Plaintiffs, however, did not provide any of the statutorily required itemization or documentation. (Holmes Declaration at ¶ 13). Accordingly, Plaintiffs' submission did not meet the SFIP Proof of Loss requirements. For this reason, Plaintiffs' claim must be dismissed with prejudice.[7]

Moreover, Plaintiffs cannot file a Proof of Loss that complies with the SFIP requirements at this time, as it is undisputed that it is passed the statutory deadline to do so. Plaintiffs had until January 26, 2013 to do so. As set forth above, Plaintiffs have, therefore, forfeited their right to

---

[7] Moreover, the documentation that Plaintiffs submitted to the Independent Adjuster (which they did not submit with their purported proof of loss as required under the SFIP) does not support the actual dollar figure claimed in the purported proof of loss in any event. (*Id.* at ¶13). Therefore, even if Plaintiffs submitted that earlier documentation with their purported proof of loss (which they did not), Plaintiffs' submission would still fail to constitute a proper Proof of Loss as required under the SFIP. It is not the WYO's responsibility to divine for which items in the submitted documentation Plaintiffs seek payment and for which items Plaintiffs do not.

- 9 -

demand recovery under the SFIP for this Hurricane Irene claim in any event. *See Kehoe v. Travelers Insurance Co.*, No. 1:08-CV-566, 2009 WL 87589 (N.D.N.Y. Jan. 12, 2009) (holding that insured's failure to submit a timely, signed and sworn Proof of Loss is an absolute bar to recovery under his SFIP); *Exim Mortg. Banking Corp. v. Witt*, 16 F. Supp. 2d 174 (D. Conn. 1998) (holding insured's failure to file a timely Proof of Loss deprived the court of subject matter jurisdiction); *Pavone, Inc. v. Secretary of Housing and Urban Development*, 547 F.Supp. 230, 231-2 (D. Conn. 1982) (noting that courts have almost invariably denied recovery where the claimant failed to comply with proof of loss requirements for insurance policies under federal programs and holding that plaintiffs' failure to submit a proof of loss, coupled with the absence of an effective waiver by defendant of this condition precedent, constituted a legal bar to the action).

Plaintiffs, as with all SFIP policyholders, are solely responsible and accountable for being familiar with and complying with its obligations under the SFIP. These obligations are strictly construed and interpreted. *See Jacobson*, 672 F. 3d at 176-77. Plaintiffs' purported proof of loss was deficient and incomplete because it lacked the fundamental and basic information expressly required by the SFIP: *specifications of damaged buildings, detailed repair estimates, and inventory of damaged personal property.* There can be no genuine issue of material fact as to whether Plaintiffs failed to comply with their Proof of Loss responsibilities under the SFIP, and they are barred as a matter of law from demanding any additional recovery from Standard Fire. Plaintiffs' Complaint should, therefore, be dismissed.[8]

---

[8] This Court should be aware that, from the inception of this lawsuit to the filing of this motion, Standard Fire has repeatedly and candidly invited the Plaintiffs to submit documentation of additional potentially covered flood loss or documentation of additional repairs to covered flood losses, with which Standard Fire could seek a FEMA Waiver for additional payment, if justified. Plaintiffs have failed to do so. Indeed, Plaintiffs have failed to provide a single new document, even in response to our written discovery requests. Therefore, Standard Fire was left with no choice but to file this dispositive motion.

## Conclusion

For the foregoing reasons, Standard Fire respectfully requests that the Motion for Summary Judgment be granted and that Plaintiffs' Complaint be dismissed with prejudice.

Dated:   Burlington, Vermont
         December 4, 2013

/s/ Matthew B. Byrne
Matthew B. Byrne, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P. O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
mbyrne@gravelshea.com

and

Craig R. Blackman, Esq.
Gina M. Stowe, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street
Philadelphia, PA  19103

For Defendant, The Standard Fire Insurance Company

gravel & shea ATTORNEYS AT LAW
St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
PROFESSIONAL CORPORATION

- 11 -