UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MARY AND RICHARD HOULE, :
                                  :
    Plaintiffs, :
                                  :
       v. : Case No. 2:13-cv-44
                                  :
THE STANDARD FIRE INSURANCE :
COMPANY, :
                                  :
    Defendant. :

**OPINION AND ORDER**

    Now before the Court is a motion for reconsideration filed by Defendant Standard Fire Insurance Company ("Standard Fire"). The motion asks the Court to reconsider a portion of its August 4, 2014 Opinion and Order denying Standard Fire's motion for summary judgment. The point in question is whether the Court incorrectly treated FEMA's waiver of the deadline for filing a proof of loss, which allowed Plaintiffs Mary and Richard Houle to file a supplemental claim for debris removal, as a blanket waiver rather than a limited waiver. Standard Fire asserts that the waiver was limited to the amount paid on the supplemental claim, and that any recovery beyond that amount is barred.

    The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*

*v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). It thus follows that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

In this case, the Houles suffered property damage as a result of Tropical Storm Irene. For victims of that storm, FEMA set a proof of loss filing deadline of January 26, 2012. The Houles submitted their first proof of loss on January 2, 2012. They later sought to file a supplemental proof of loss after the deadline had expired, requesting an additional $26,346.75 for debris removal. Standard Fire obtained a waiver from FEMA on the supplemental claim, and paid the Houles $10,989.

At summary judgment, Standard Fire argued that the Houles had failed to comply with the proof of loss requirements as to *all* of their claims because they did not attach required documentation to

2

their original proof of loss form.  In a footnote to its supporting memorandum, Standard Fire discussed the Houles' supplemental proof of loss, but stated that the supplemental claim was "not relevant to the instant Motion."  ECF No. 23 at 9.

In its reply memorandum, Standard Fire accused the Houles of "conveniently ignor[ing] the fact that certain of the items for which they seek coverage *were not even included* in the proof of loss that was submitted prior to the deadline for submitting proof of loss," referring to the documentation submitted with the supplemental proof of loss.  ECF No. 39 at 6 (emphasis in original).  Standard Fire also acknowledged that FEMA had granted a waiver as to that supplemental claim.  Addressing Standard Fire's argument regarding the sufficiency of documentation, the Court concluded that "[i]n light of the FEMA waiver, Standard Fire is not now entitled to summary judgment simply because [the supplemental documentation was] not included in the initial submission."  ECF No. 43 at 11.

In its motion for reconsideration, Standard Fire argues that the Court treated FEMA's waiver for the supplemental proof of loss as a blanket waiver, and not as limited to the $10,989 payment.  Standard Fire submits that its summary judgment motion made this point clear, referencing the footnote it previously deemed "not relevant."  ECF No. 44 at 4.  The Court now finds that the record as to the extent of the waiver was not clear, and that upon

3

reconsideration, its prior ruling need not be altered or amended.

The summary judgment record with respect to the supplemental proof of loss waiver included the Declaration of Scott Holmes, submitted by Standard Fire, which stated in relevant part:

> On May 17, 2012, Plaintiffs submitted a supplemental Proof of Loss in the amount of $26,346.75, which constituted debris removal costs that were not included in Plaintiffs' original claim. Although the supplemental Proof of Loss was submitted outside the time permitted, Standard Fire submitted a request to FEMA for a limited waiver of the Proof of Loss requirement to pay the supplemental claim. However, Standard Fire determined that the debris removal costs related to contents debris, and Plaintiffs only had $10,989.05 available contents coverage. Accordingly, and despite Plaintiffs' failure to submit their documentation within the statutory deadline, FEMA approved a request by Standard Fire for a limited waiver of the Proof of Loss policy provision. Payment was issued to the Plaintiffs in the amount of $10,989.05 with a letter explaining that Standard Fire was declining additional payment because the contents limits were exhausted.

ECF No. 23-1 at 4, ¶ 15. Viewing the facts in a light most favorable to the Houles, the Holmes declaration sets forth that Standard Fire submitted a request to FEMA for a waiver that was limited to the supplemental proof of loss. Holmes does not make clear that the waiver was limited to the amount paid. While counsel argued in Standard Fire's reply memorandum that the waiver did not cover the unpaid amounts, ECF No. 39 at 6-7, representations by counsel do not constitute record support. *See, e.g., Randell v. United States*, 64 F.3d 101, 109 (2d Cir. 1995); *Beyah v. Coughlin*, 789 F.2d 986, 989 (2d Cir. 1986); *Dean v. City*

4

*of Buffalo*, 579 F. Supp. 2d 391, 408-09 (W.D.N.Y. 2008). Furthermore, Standard Fire's summary judgment motion focused upon an alleged lack of documentation.  Noting that FEMA had allowed a supplemental claim, the Court rejected Standard Fire's suggestion in its reply memorandum that the documentation supporting the supplemental claim was somehow improper or untimely.  Nothing in Standard Fire's motion for reconsideration suggests that the limited waiver barred the receipt and/or review of such documentation.

For these reasons, the Court finds that reconsideration is not required, and Standard Fire's motion for reconsideration (ECF No. 44) is DENIED.

Dated at Burlington, in the District of Vermont, this 23rd day of September, 2014.

                                            /s/ William K. Sessions III
                                            William K. Sessions III
                                            District Court Judge